## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND CLINIC FOUNDATION, et al., | ) ) ) | CASE NO. 1:11MC14 |
| PETITIONERS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) | **ORDER** |
| RESPONDENT. | ) ) | |

The Court has before it the Petition to Modify or Set Aside Civil Investigative Demands pursuant to 31 U.S.C. § 3733 (Doc. No. 1) and the United States of America's Response to the Petition (Doc. No. 2).  After reviewing the Response of the United States and the cases cited therein, the Court finds, for the reasons set forth herein, that the Petition should not be granted and the Petitioners are hereby ordered to comply with the two civil investigative demands (Nos. NDAL-2011-10 and NDAL-2011-11) issued by the United States Attorney for the Northern District of Alabama and directed to the Petitioners in this case.

The Petitioners object to the civil investigative demands [hereinafter CIDs] out of concern that their compliance with the CIDs would violate the privacy of their patients and expose them to civil liability under Ohio's physician-patient privilege statute, Ohio Rev. Code § 2317.02(B)(1). Specifically, the Petitioners believe that their compliance with the CIDs will violate a patient's rights and potentially give rise to a claim similar to that asserted by the plaintiff in *Turk v. Oiler*, 732 F. Supp. 2d 758 (N.D. Ohio 2010).

This Court has reviewed the *Turk* decision and finds it distinguishable from this case. In *Turk*, the release of the documents containing the patient's confidential medical information was in response to a state court grand jury subpoena issued pursuant to state law, *id*. at 761, not a CID or subpoena issued pursuant to federal law. The CIDs which are the subject of the Petition were issued pursuant to the provisions of the False Claims Act, 31 U.S.C. § 3733, and are governed by the provisions of federal law, not state law, pursuant to the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2.

The provisions of the False Claims Act CID statute provide what material or information is protected from disclosure. 31 U.S.C. § 3733(b)(1). The statute provides that:

> A civil investigative demand issued under subsection (a) may not require the production of any documentary material, the submission of any answers to written interrogatories, or the giving of any oral testimony if such material, answers, or testimony would be protected from disclosure under --
>
> (A) the standards applicable to subpoenas or subpoenas duces tecum issued by a court of the United States to aid in a grand jury investigation; or
>
> (B) the standards applicable to discovery requests under the Federal Rules of Civil Procedure, to the extent that the application of such standards to any such demand is appropriate and consistent with the provisions and purposes of this section.

31 U.S.C. § 3733(b)(1).

Neither the standards applicable to CIDs, subpoenas or subpoenas duces tecum issued by a court of the United States to aid in a grand jury investigation, or the standards applicable to discovery requests under the Federal Rules of Civil Procedure provide for the application of state laws of privilege. In regard to federal grand jury subpoenas, although the subpoena powers of the grand jury are extremely broad, it may not use its authority to "violate a valid privilege, whether established by the Constitution, statutes, or the common law," *United States v. Calandra*, 414 U.S. 338, 346 (1974); *In re Zuniga*, 714 F.2d 632, 636 (6th Cir. 1983),

and questions of privilege are governed by federal law. *Zuniga*, 714 F.2d at 636. Likewise, under the Federal Rules of Civil Procedure, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"

In federal court when dealing with a federal question, the determination of what is privileged is governed by the provisions of Fed. R. Evid. 501 which provides, in relevant part:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. [...]

Since this case involves a federal question, the federal law of privilege applies. *Hancock v. Dodson*, 958 F.2d 1367, 1372-73 (6th Cir. 1992); *Gen. Motors Corp. v. Dir. of Nat'l Inst. for Occupational Safety & Health*, 636 F.2d 163, 165 (6th Cir. 1980); *Zuniga*, 714 F.2d at 636. The Ohio privilege statute is not the controlling principle of law here. *Gen. Motors Corp.*, 636 F.2d at 165; *Hancock*, 958 F.2d at 1372-73; *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004); *In re Grand Jury Proceedings*, 450 F. Supp. 2d 115, 118-19 (D. Me. 2006) (involving a federal grand jury subpoena).

Federal courts do not recognize a federal physician-patient (or hospital-patient) privilege. *Hancock*, 958 F.2d at 1373; *Northwestern Mem'l Hosp.*, 362 F.3d at 926. In *Gen. Motors Corp.*, the Sixth Circuit held that:

> The common law did not recognize a physician-patient privilege at all. *Whalen v. Roe*, 429 U.S. 589 at 602, n.28, 97 S.Ct. 869 at 877, n. 28, 51 L.Ed.2d 64 (1977). Neither has Congress codified the concept in a federal statute. A decision in this case based on considerations of the physician-patient relationship would, in effect, expand the scope of the "federal common law." This we decline to do.

636 F.2d at 165.

Because the standards applicable to CIDs, subpoenas or subpoenas duces tecum issued by a court of the United States to aid in a grand jury investigation, or the standards applicable to discovery requests under the Federal Rules of Civil Procedure do not provide a physician-patient (or hospital-patient) privilege, the documentary material, consisting of the patient's medical files, sought in the CIDs at issue in this Petition, are not protected from disclosure in those instances and thus are not protected from disclosure under the CID provisions of the False Claims Act set forth in 31 U.S.C. § 3733(b). The Petitioners would violate no patients' rights in complying with properly-issued CIDs, subpoenas or subpoenas duces tecum issued by a court of the United States in aid of a grand jury investigation.

The Court further finds that nothing in the provisions of the Health Insurance Portability and Accountability Act of 1996 [hereinafter HIPAA], Pub. L. 104-191, 110 Stat. 1936, 2033 (found at 42 U.S.C. § 1320d-2 note), nor the regulations promulgated thereunder by the Secretary of Health and Human Services and known as the Privacy Rule, see 45 C.F.R. pts. 160, 164, prohibit the release of the patient medical records sought by the CIDs. *Northwestern Mem'l Hosp.*, 362 F.3d at 925-26; *In re Grand Jury Proceedings*, 450 F. Supp. 2d at 116-19; *Kalinoski v. Evans*, 377 F. Supp. 2d 136, 140-41 (D.D.C. 2005); *In re Zyprexa Prods. Liab. Litig.*, 254 F.R.D. 50, 52-53 (E.D.N.Y. 2008); *Garza v. Scott & White Mem. Hosp.*, 234 F.R.D. 617, 624-25 (W.D. Tex. 2005); *EEOC v. Boston Mkt. Corp.*, No. CV 03-4227 LDW WDW, 2004 WL 3327264, at * 3-4 (E.D.N.Y. Dec. 16, 2004); *Nat'l Abortion Fed'n v. Ashcroft*, No. 03 Civ. 8695(RCC), 2004 WL 555701, at * 5 (S.D.N.Y. Mar. 19, 2004); *Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, at * 5-6 (N.D. Ill. Aug.10, 2007); *Lovelace v. Bassett*, No. 7:07CV00506, 2009 WL 3157367, at * 5 (W.D. Va. Sept. 29, 2009); *Reed v. Williams*, No. S-05-0060 RRB GGH P, 2007 WL 2140506, at * 4 (E.D. Cal. July 25, 2007); *Stafford v. Soc. Sec.*

*Admin.*, No. C-05-1113 EDL, 2006 WL 870988, at * 1 (N.D. Cal. Apr. 3, 2006). Furthermore, the Court finds that the patient medical records sought in the CIDs can be furnished to the United States Department of Justice in its capacity as a "health oversight agency" in furtherance of its "health oversight activities" pursuant to 45 C.F.R. § 164.512(d). *See United States ex rel. Kaplan v. Metro. Ambulance & First-Aid Corp.*, 395 F. Supp. 2d 1 (E.D.N.Y. 2005).

For the foregoing reasons, the Court holds that the Ohio physician-patient privilege statute, Ohio Rev. Code § 2317.02(B)(1), has no application to CIDs issued pursuant to the authority of 31 U.S.C. § 3733 or to subpoenas or subpoenas duces tecum issued by a court of the United States to aid in a federal grand jury investigation. Therefore, the Petition to Modify or Set Aside Civil Investigative Demands is denied and the Petitioners are hereby ordered to comply with the two CIDs (Nos. NDAL-2011-10 and NDAL-2011-11) issued by the United States Attorney for the Northern District of Alabama.

**IT IS SO ORDERED**.

Dated: March 9, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**